James J. TRIMBLE, Appellant,

v.

TEXAS DEPARTMENT OF PROTECTIVE & REGULATORY SERVICE, Appellee.

No. 14–97–00106–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 9, 1998.

Rehearing Overruled April 9, 1998.

rules, we need not address Appellant's claim that good cause existed to suspend the rules.

J. Timothy Sisk, Conroe, for appellant.

Kay Douglas, David P. Weeks, Huntsville, for appellees.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## CORRECTED OPINION

MURPHY, Chief Justice.

Appellant, James J. Trimble (Trimble), appeals from an order appointing the Texas Department of Protective & Regulatory Service (Protective Service) the permanent guardian of the person and the estate of his wife, Edna Trimble (Edna). In six points of error appellant alleges the trial court erred in appointing Protective Service instead of him as the guardian of Edna's person and estate and in finding Edna incapacitated. We affirm.

Over a three-year period, ninety-one year old Edna was often found wandering the streets of New Waverly, Texas. On many occasions, Trimble left her home alone, and did not provide her with the proper nourishment or medication. Protective Service documented these incidents and its unsuccessful efforts to work with Trimble in providing the proper care for his wife. On June 17, 1996, the Walker County Sheriff's Department took Edna into protective custody after she was, once again, found wandering the streets of New Waverly. Protective Service filed a motion to obtain temporary guardianship of Edna's person and estate. Trimble intervened, contesting Protective Service's application and requesting the trial court to appoint him the permanent guardian of Edna's person. After hearing testimony of Edna's condition and neglect while in Trimble's care, the trial court named Protective Service the temporary guardian of Edna's person and Trimble the temporary guardian of Edna's estate. In addition, the trial court ordered

Trimble to pay the fees of the attorney ad litem and court costs within sixty days. Protective Service placed Edna in a nursing home.

Trimble did not pay the ad litem's fees and expenses accruing at the nursing home where Edna was residing. Consequently, Protective Service filed a motion to enforce judgment. After a hearing, the trial court found that Trimble did not qualify as guardian of Edna's estate, and appointed Protective Service the temporary guardian of her estate. The trial court also ordered Trimble to provide an inventory of Edna's estate.

Soon thereafter, Protective Service filed an application for appointment of permanent guardian of Edna's person and estate. At the hearing on the motion, Protective Service offered, without objection, the testimony adduced at previous hearings held approximately three to four months earlier, and the testimony of Mary Matson, the guardianship worker for Protective Service. At the conclusion of the hearing, the trial court appointed Protective Service the permanent guardian of the person and estate of Edna Trimble. Trimble filed a motion for new trial, which the trial court denied after a hearing.

■ In his first point of error, Trimble contends the trial court erred in appointing Protective Service, and not him, the permanent guardian of Edna's person and estate because there was no evidence presented at the permanent guardianship hearing that he was unqualified or not entitled to serve in the capacity of guardian, and no finding that Protective Service was entitled to the appointment. A trial court has broad discretion in the selection of a guardian. *See Ramirez v. Garcia de Bretado*, 547 S.W.2d 717, 718 (Tex.Civ.App.—El Paso 1977, no writ). Consequently, an appellate court will not reverse an order appointing a guardian absent a showing that the trial court abused its discretion. *See State, By and Through Texas Dept. of Mental Health and Retardation v. Ellison*, 914 S.W.2d 679, 682 (Tex.App.—Austin 1996, no writ). A trial court abuses its discretion if it acts arbitrarily or unreasonably. *Id.* To determine whether the trial court abused its discretion, we consider the record as a whole. *See Youngs v. Choice*,

868 S.W.2d 850, 853 (Tex.App.—Houston [14th Dist.] 1993, writ denied).

■■■ First, Trimble claims the statement of facts from the hearing on the application for permanent guardianship contains no evidence of his inability to care for his wife because Protective Service did not offer any evidence regarding his ability at that hearing. Instead, the trial court improperly admitted evidence of his ability to care for Edna that was adduced at previous hearings without requiring Protective Service to read the transcription of the prior hearings into the record. "In a guardianship proceeding, the rules relating to witnesses and evidence that govern in the district court apply as far as practicable." TEX. PROB.CODE ANN. § 649 (Vernon Supp.1997). A probate court, however, conducts its business in a continuing series of events because the nature of administration contemplates decisions to be made on which other decisions will be based. *See Youngs*, 868 S.W.2d at 852 (citing *Christensen v. Harkins*, 740 S.W.2d 69, 74 (Tex. App.—Fort Worth 1987, no writ)); *see also Hill v. Jones*, 773 S.W.2d 55, 56 (Tex.App.— Houston [14th Dist.] 1989, no writ) (stating hearing on appointment of temporary guardian continued as to appointment of a permanent guardian). Moreover, a trial court may take judicial notice of its own records in matters that are generally known, easily proven, and not reasonably disputed. *See Tschirhart v. Tschirhart*, 876 S.W.2d 507, 508 (Tex.App.—Austin 1994, no writ); *Fajkus v. First Nat. Bank of Giddings*, 735 S.W.2d 882, 887 (Tex.App.—Austin 1987, writ denied); *see also* TEX.R. CIV. EVID. 201.

In this case, the trial court heard undisputed evidence of Trimble's inability to care for his elderly wife at the first hearing on application for temporary guardianship. At the second hearing on motion to enforce the judgment, the trial court heard undisputed evidence of Trimble's failure to pay for Edna's nursing care. At the conclusion of the hearing, the trial judge noted that "Mr. Trimble has not qualified, taken an oath,

done any of the things that one is supposed to do as the guardian of the estate." Consequently, in its order dated August 16, 1996, appointing Protective Service the temporary guardian of Edna's estate, the trial court explicitly stated that Trimble failed to qualify as guardian of Edna's estate. Furthermore, at the hearing on permanent guardianship, the trial court admitted, without objection, evidence adduced from previous hearings regarding Edna's incapacity and her daughters' inability to serve as guardian without objection. The trial court acted within its discretion in taking judicial notice of the evidence and its previous rulings, and in admitting the statement of facts from previous rulings into the record at the hearing on application for permanent guardianship.

■■■ Next, Trimble asserts the evidence admitted at the previous hearing is factually and legally insufficient to support a finding that he was disqualified to serve as guardian. "Under an abuse of discretion standard of review, the appellate court does not review factual issues decided by the trial court under legal or factual sufficiency standards." *IKB Indust. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 445 (Tex.1997). Under an abuse of discretion standard of review, legal and factual sufficiency claims are merely factors to consider in assessing whether the trial court abused its discretion, and not independent, reversible grounds of error. *Id.*[1]

■■■ A probate court appoints a guardian according to the circumstances of each case and considering the best interests of the ward. TEX. PROB.CODE ANN. § 677 (Vernon Supp.1997). A person is eligible to serve as guardian if he is not disqualified from serving under section 681 of the probate code. *Id.* § 681. A ward's spouse is entitled to guardianship in preference to any other person if he is eligible and he is one of two or more eligible persons equally entitled to be appointed. *Id.* § 677. If the ward's

---

1. "Under an abuse of discretion standard of review, findings of fact and conclusions of law are neither appropriate nor required." *IKB Indust. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 445 (Tex.1997). Nevertheless, the Texas Legisla-

ture requires the trial court to make findings of fact in its order appointing a guardian where the proposed ward is without capacity. TEX. PROB. CODE ANN. § 693 (Vernon Supp.1997).

spouse is ineligible, then the nearest related family member who is eligible is entitled to appointment. *Id.* Only as a last resort, may the trial court appoint Protective Service as guardian. *Id.* § 691. A person is ineligible to serve as a guardian, among other reasons, if he is incapable of properly and prudently managing and controlling the ward or the ward's estate because of inexperience, lack of education, or other good reason. *Id.* § 681.

 Here, the record reflects that Trimble was not qualified to serve as guardian of Edna's person or estate. Trimble was incapable of controlling and managing Edna and her estate and he lacked the ability to follow through with recommendations from Protective Service and with court orders. Because Trimble was ineligible to serve as guardian and Edna's three daughters declined to serve as guardian, the trial court did not abuse its discretion in appointing Protective Service the guardian of Edna and her estate.

 Finally, Trimble complains the order appointing Protective Service as permanent guardian cannot be upheld because the trial court failed to file findings of fact stating Protective Service was entitled to the appointment and he was disqualified from serving as guardian. An order appointing a guardian must contain findings of fact and specify certain information regarding the guardian, the ward, and the nature of the guardianship. *Id.* § 693(a),(c). While section 693 enumerates the specific information to be included in the order, it does not state what additional findings the trial court must include in the order appointing a guardian. Likewise, section 684 requires the trial court to make specific findings before appointing a guardian, including a finding that the proposed guardian is eligible to act as guardian and entitled to appointment. *Id.* § 684. Section 684, however, does not state where the trial court must make these findings.

 In its order appointing Protective Service the permanent guardian of Edna's person and estate dated October 17, 1996, the trial court found by a preponderance of the evidence that Protective Service was

qualified to act as guardian, but did not state that Protective Service was entitled to appointment.[2] Although the better practice is to draft explicit findings following the language of section 684 in an order appointing a permanent guardian, the order is not fatally defective for want of the explicit finding of entitlement. Entitlement, in this context, relates to the right to be appointed in relation to eligibility or the family relationship to the ward, rather than the suitability of the individual as compared to another. *See Adcock v. Sherling,* 923 S.W.2d 74, 78 (Tex.App.— San Antonio 1996, no writ). In this case, Trimble was not eligible to serve as guardian and other family members declined the appointment. Without an eligible and entitled applicant, the trial court had no alternative but to appoint Protective Service as Edna's guardian. *See* Tex. Prob.Code Ann. § 691 (Vernon Supp.1997).

The trial court did not abuse its discretion in finding Trimble disqualified to serve as guardian of his wife's person and estate, and in appointing Protective Service the guardian of Edna. Trimble's first point of error is overruled.

 In his second point of error, Trimble contends the trial court applied the wrong standard in finding Edna to be incapacitated and in failing to state the appropriate standard in the order appointing the permanent guardian. Before appointing a guardian, the trial court must find by clear and convincing evidence that the proposed ward is an incapacitated person. *Id.* § 684(a)(1). An incapacitated person is "an adult individual who, because of a physical or mental condition, is substantially unable to provide food, clothing, or shelter for himself, or herself, to care for the individual's own physical health or to manage the individual's own financial affairs." *Id.* § 601(13)(B). A trial court determines the incapacity of an adult proposed ward from evidence of recurring acts or occurrences within the six-month period preceding the determination and not by isolated instances of negligence or bad judgment. *Id.* § 684(c).

**2.** The trial court, however, explicitly stated in its orders appointing Protective Service the tempo-

rary guardian of Edna's estate that Trimble failed to qualify as guardian of Edna's estate.

The trial court stated in its order appointing permanent guardianship that it found Edna to be incapacitated by clear and convincing evidence. The trial court further stated that its determination of incapacity was evidenced by recurring acts within the preceding six months and continuing to this date and that age was not the sole determining factor. The trial court, however, did not state in the order that it did not determine Edna's incapacity by evidence of isolated instances of negligence or bad judgment.

As noted above, the better practice is to draft explicit findings following the language of section 684. Nevertheless, the trial court's omission of language describing the type of evidence it considered in determining Edna's incapacity does not render the trial court's determination of incapacity void or voidable. Section 684 does not require the trial court to recount the evidence it considered in determining the capacity of a proposed ward in the order appointing a guardian, but directs the trial court to consider certain evidence and to exclude other evidence in making a determination of incapacity. *See id.* The trial court did not err by failing to include a statement that it did not consider isolated instances of negligence or bad judgment in making its determination of incapacity in the order appointing Protective Service the permanent guardian of Edna and her estate. Trimble's second point of error is overruled.

In his fourth point of error, Trimble maintains the evidence is legally and factually insufficient to support a finding of Edna's incapacity. The clear and convincing standard of proof falls between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. *See Matter of R.S.C.,* 921 S.W.2d 506, 511 (Tex.App.—Fort Worth 1996, no writ). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *Id.*

The clear and convincing standard of proof does not alter the appropriate standard of appellate review. *See Spurlock*

*v. Texas Dept. of Protective and Regulatory Servs.,* 904 S.W.2d 152, 155–56 (Tex.App.—Austin 1995, writ denied). When both legal and factual sufficiency challenges are raised on appeal, the appellate court must first examine the legal sufficiency of the evidence. *See Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981). In determining a "no evidence" point, an appellate court considers only the evidence and inferences that tend to support the finding and disregards all evidence and inferences to the contrary. *See Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). If there is more than a scintilla of evidence to support the finding, the claim is sufficient as a matter of law, and any challenges go merely to the weight accorded the evidence. *See Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 928 (Tex. 1993). In reviewing the factual sufficiency of the evidence, an appellate court considers and weighs all the evidence, and sets aside the judgment only if it is so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

In this case, the trial court heard evidence of Edna's inability to care for her physical health and to manage her financial affairs at the first two hearings. The record reflects that Edna was reported to be disoriented and wandering the streets of New Waverly on four occasions between February and June 1996, and on one occasion dirty and with feces on her. When questioned by a case worker, Edna was unable to identify the President of the United States and her own husband. Edna reported having visits with her parents, who are deceased. Additional evidence established that Edna was dependent upon her husband to administer her medication and to provide her with proper nourishment.

At the hearing on application for appointment of permanent guardianship, the trial court admitted the records of the previous hearings into evidence, without objection. Mary Matson of Protective Service testified that Protective Service moved Edna to a personal care home, which was the least restrictive environment providing affordable

care. Matson further attested Edna was still unable to care for herself, although she seemed to be well and happy at the personal care home. No one presented any evidence at any of the hearings to even suggest that Edna's actions were isolated instances of negligence or bad judgment. Although Trimble claimed that Edna's incapacity was partial in his petition for permanent guardianship, he presented no evidence to support his claim and made no challenge to Protective Service's claim that Edna was totally incapacitated. We find the evidence clear and convincing, and legally and factually sufficient to support the trial court's finding of Edna's total incapacity. Trimble's fourth point of error is overruled.

■ In his third point of error, Trimble contends the trial court erred in appointing Protective Service as Edna's guardian because there is no evidence of Edna's current and relevant medical, psychological, and intellectual testing records. With certain exceptions, inapplicable here, section 686(a) of the probate code requires current and relevant medical, psychological, and intellectual testing records of the proposed ward to be provided to the attorney ad litem appointed to represent the proposed ward before the trial court may hold a hearing for the appointment of a guardian. TEX. PROB.CODE ANN. § 686(a) (Vernon Supp.1997). Section 687(a) further prohibits the trial court from granting an application to create a guardianship for an incapacitated person "unless the applicant presents to the court a written letter or certificate from a physician licensed in this state that is dated not earlier than the 120th day before the date of the filing of the application and based on an examination the physician performed not earlier than the 120th day before the date of the filing of the application." *Id.* § 687(a).

Trimble contends the record does not "reflect the admission into evidence of any medical, psychological or intellectual testing records." He further alleges Protective Service would have had to file a physician's certificate reflecting an examination of Edna no later than 120 days prior to the filing of Protective Service's application for permanent guardianship, specifically no later than

April 22, 1996 to comply with sections 686(a) and 687(a).

The record, however, reflects that Protective Service filed a physician's report with the trial court on July 16, 1996, one day after it filed its application for appointment of temporary guardian. At the hearing on the application held on July 25, 1996, the trial court noted the report was on file but did not admit the report over objections that the report constituted hearsay. The report, signed and dated by Edna's personal physician, was based on an examination conducted on April 1, 1996, well within the 120 day window of section 687. Protective Service later attached the same physician's report to its application for appointment of permanent guardian. At the time of Protective Service's application for permanent guardianship, the physician's examination was approximately three weeks outside the 120–day window of section 687.

■ Sections 686 and 687 do not distinguish between applications for temporary and permanent guardianships. The probate code, however, defines a guardian as a person who is appointed guardian by order of the trial court under section 693 or a temporary or successor guardian. *Id.* § 601(10). Moreover, the standard of proof necessary to establish incapacity differs according to whether the guardianship is temporary or permanent. An applicant for a temporary guardianship must establish substantial evidence the proposed ward is incapacitated. *Id.* § 875(g). An applicant for a permanent guardianship must establish by clear and convincing evidence that the proposed ward is incapacitated. *Id.* § 684(a). In either case, section 687 requires a current physician's report based on a current examination. Because Protective Service did not file a report based on a current examination, the trial court erred in granting its application to create a permanent guardianship.

■ An appellate court may not reverse the judgment of the trial court on appeal because the trial court made an error of law unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly pre-

senting its case on appeal. TEX.R. APP. 81(b)(1), 60 TEX. B.J. 9 (1997).[3] In this case, the error is not reversible. At the time of the hearing, the examination upon which the physician based his report was only a few weeks outside the 120–day window required in section 687. In the report, Edna's physician opined that she was incapacitated and suffered from moderate dementia and diabetes. He predicted that Edna's condition would worsen. The report is consistent with the evidence admitted at the permanent guardianship hearing regarding Edna's capacity to care for herself and her property. Furthermore, no one voiced an objection to the availability of the report or the timeliness of the examination. Trimble's third point of error is overruled.

▇▇ In his fifth point of error, Trimble asserts the trial court erred in appointing Protective Service the guardian of Edna's estate because Protective Service did not request to be named the guardian of the estate in its motion to enforce judgment or its petition for permanent guardianship. He further asserts the trial court granted Protective Service authority over Edna's entire estate although Protective Service only requested authority over two properties.

After a hearing on Protective Service's motion to enforce judgment, the trial court appointed Protective Service the temporary guardian of Edna's estate, finding that Trimble did not qualify as guardian of the estate. Within a week, Protective Service filed its application for appointment of permanent guardian requesting the trial court appoint First National Bank of Huntsville as the permanent guardian of Edna's estate. The Bank, however, declined to act, and the trial court appointed Protective Service the permanent guardian of Edna's estate even though Protective Service never amended its pleading requesting to be named permanent guardian of Edna's estate. At the hearing on the motion, Protective Service also informed the trial court that it would like to restrict the estate guardianship to two properties and allow Trimble to manage the remainder of the estate. The trial court granted Protective Service full authority over Edna's person and estate but restricted management of her estate to the two properties and the collection of her Social Security check.

"A court may not invalidate a pleading in a guardianship matter or an order based on the pleading based on a defect of form or substance in the pleading, unless the defect has been timely objected to and called to the attention of the court in which the proceeding was or is pending." TEX. PROB.CODE ANN. § 641 (Vernon Supp.1997). Because Trimble did not object to the lack of a trial amendment at the hearing on the motion and at the hearing on application for permanent guardian pleading, and did not object to Protective Service's request to manage the two properties, he waives review of this point of error on appeal. Trimble's fifth point of error is overruled.

▇▇ In his sixth point of error, Trimble claims the trial court erred in appointing Protective Service the guardian of Edna's estate because, under section 883 of the probate code, he had full power to manage the community estate. Section 883 provides, in pertinent part, as follows:

When a husband or wife is judicially declared to be incapacitated, the other spouse, in the capacity of surviving partner of the marital partnership, acquires full power to manage, control, and dispose of the entire community estate, including the part of the community estate that the incapacitated spouse legally has the power to manage in the absence of the incapacitated spouse, without an administration. If the court finds that it is in the best interest of the incapacitated spouse and that the other spouse would not be disqualified to serve as guardian under Section 681 of this code, guardianship of the estate of the incapacitated spouse may not be necessary when the other spouse is not incapacitated unless the incapacitated spouse owns separate property, and the guardianship will be of the separate property only. The qualification of a guardian of the estate of an incapacitated spouse does not deprive the competent spouse of the right to manage,

**3.** Current version at TEX R.APP. P. 44.1.

control, and dispose of the entire community estate as provided in this chapter.

*Id.* § 883.

Although Trimble's entitlement to manage, control, and dispose of the community estate is clear, the trial court did not err in appointing Protective Service the guardian of Edna's estate. At the time of the appointment, Trimble did not qualify as guardian of the estate and violated a court order requiring him to file an inventory and appraisal with the trial court and to pay ad litem's fees. Trimble further refused to pay Edna's nursing care expenses. Consequently, under section 883, the trial court found the appointment of Protective Service as guardian of Edna's estate to be in her best interest. The trial court, however, made no attempt to classify the property because Trimble proved uncooperative in providing the court with information regarding the estate.[4]

Trimble, however, is not without remedy to enforce his entitlement to the community property. "A guardian of the estate of an incapacitated married person, who, as guardian, is administering community property as part of the estate of the ward, shall deliver on demand the community property to the spouse who is not incapacitated." *Id.* § 884. In this case, there is no evidence that Trimble ever made a demand that Protective Service deliver the community property to him. Therefore, he waives review of this issue on appeal. *See* Tex.R.App. Proc. 52(a), 60 TEX. B.J. 9 (1997).[5] Appellant's sixth point of error is overruled.

■■■ In his reply brief, Trimble cites other instances of procedural improprieties in the record including the failure of the trial court (1) to appoint a court investigator as required by section 648A of the probate code; (2) to conduct a jury trial even though he requested a jury trial and paid the jury fee; and (3) to state in its order appointing Protective Service Edna's temporary guardian that it found Edna incapacitated by clear and convincing evidence. Trimble did not, however, voice an objection to any of these alleged improprieties to the trial court.

Therefore, he waives appellate review of these issues. *See* Rule 52(a); *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.,* 875 S.W.2d 385, 387 (Tex.App.—Dallas 1993, no writ) (holding litigant waives right to jury trial by his failure to act).

Accordingly, the judgment of the court below is affirmed.

---

4. Trimble did not file an inventory with the trial court until November 1996.

5. Current version at TEX.R.APP. P. 33.1(a).