Motion for Rehearing Granted; Supplemental Opinion on Rehearing Filed
December 8, 2005









 

Motion for Rehearing Granted; Supplemental Opinion on
Rehearing Filed December 8, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00458-CV

____________

 

IN THE INTEREST OF
K.M.H.

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 23903*RH03

 



 

S
U P P L E M E N T A L   O P I N I O
N   

O
N   M O T I O N   F O R  
R E H E A R I N G

 








In our original opinion, we concluded that
Hoback=s counsel had
waived Hoback=s first two issues at oral argument.  Hoback=s counsel then
filed a motion for rehearing, stating that she did not intentionally waive
these issues and intended only to waive oral argument and have the court rely
on her brief.  Rule 47.1 of the Texas
Rules of Appellate Procedure provides that we Amust . . . address[]
every issue raised and necessary to the final disposition of the appeal.@  Tex.
R. App. P. 47.1 (emphasis added). 
If it is unclear whether a party has waived an issue at oral argument,
we should address it.  See CSR
Ltd. v. Link, 925 S.W.2d 591, 595 n.1 (Tex. 1996) (AThe plaintiffs
claim that CSR waived the right to contest personal jurisdiction in Texas
because of admissions CSR allegedly made before the West Virginia Supreme Court
during unrecorded oral argument.  CSR
disputes that contention.  Because there
is a dispute about what was said, we do not find a judicial admission that
knowingly waives a constitutional right under these circumstances.@ (citation
omitted)); Mosley v. State, 931 S.W.2d 670, 675 n.2 (Tex. App.CHouston [14th
Dist.] 1996, pet. ref=d) (addressing a contention because Ait was unclear
whether the state was waiving the contention entirely or if it was simply not
going to orally argue the contention@).  Given that the argument was unrecorded, the
two issues were fully briefed, and counsel disputes any intent to waive, we
have granted rehearing to consider Hoback=s other two
issues. 

In his first issue, Hoback contends the
trial court erred in denying his request for a jury trial.  In reviewing Hoback=s claim that his
counsel was ineffective in failing to make a timely jury demand, the majority
and concurrence disagreed as to whether Hoback=s counsel actually
requested a jury trial.  However, even if
there was a proper jury request, Hoback waived any error because he failed to
object when the trial court proceeded with a bench trial.  See In re D.R., No.
01-00-00582-CV, __ S.W.3d __, 2005 WL 1992108, at *5 (Tex. App.CHouston [1st
Dist.] Aug. 18, 2005, no pet. h.) (A[A] perfected
right to a jury trial in a civil case may be waived by a party=s failure to act
when the trial court proceeds with a bench trial.@); Trimble v.
Tex. Dep=t of Protective & Regulatory Servs., 981 S.W.2d 211,
220 (Tex. App.CHouston [14th Dist.] 1998, no pet.)
(finding that failure to object waived complaint of no jury trial, even when
properly requested and paid).  We
therefore overrule Hoback=s first issue.








In his second issue, Hoback complains the
trial court erred in denying counsel=s request to
withdraw from representation of one of the parties based on a conflict of
interest.  In determining whether a
conflict of interest exists between parents in a termination suit, the trial
court must decide Awhether there is a substantial risk that
the appointed counsel=s obligations to one parent would
materially and adversely affect his or her obligations to the other parent.@  In re B.L.D., 113 S.W.3d 340, 343
(Tex. 2003).  We review a trial court=s determination of
whether there was a conflict of interest for an abuse of discretion.  Id. at 347.  In reviewing Hoback=s ineffective
assistance of counsel claim based on this alleged conflict of interest, we
determined that the record in this case shows no substantial risk that counsel=s obligations to
Kite would materially and adversely affect her representation of Hoback.  Accordingly, we find the trial court did not
abuse its discretion in denying counsel=s request to
withdraw.  Hoback=s second issue is
overruled.

Having overruled the remainder of Hoback=s issues, the
judgment of the trial court is affirmed.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Supplemental
Opinion on Motion for Rehearing filed December 8, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson.  (Anderson, J.
would deny motion for rehearing.)