NO. 07-10-00021-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
MAY 13, 2011
--------------------------------------------------------------------------------

 
 IN THE MATTER OF THE GUARDIANSHIP OF
 MICHAEL ALABRABA A/K/A MICHAEL HART,
 AN INCAPACITATED PERSON
--------------------------------------------------------------------------------

 
 FROM THE PROBATE COURT NO. 2 OF TARRANT COUNTY;
 
 NO. 09-112-2; HONORABLE PATRICK FERCHILL, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 OPINION
 Doris Hart, the mother of the ward, Michael Alabraba, appeals the order of the trial court appointing the Texas Department of Aging and Disability Services (DADS) permanent guardian of Alabraba instead of Hart. Hart contends the trial court abused its discretion by failing to appoint Hart as the permanent guardian. We will affirm.
 Factual and Procedural Background
 Michael is a 20-year-old male who suffers from mental retardation, autism, malnutrition, possible anorexia, and other gastro-intestinal issues. The State of Texas originally became involved in Michael's case through a referral to the Texas Department of Family and Protective Services, Adult Protective Services program (APS). This investigation was ongoing from December 2008 until January 14, 2009, when an Emergency Order for Protective Services (EPO) to remove Michael from Hart's home was signed. On January 30, 2009, Hart signed an agreement with APS that allowed Michael to stay in the home in return for Hart's cooperation with APS in the investigation and coordination with APS in Michael's medical care. 
According to APS, Hart did not cooperate in the investigation and refused to communicate with them about Michael's medical condition. Subsequently, on March 13, 2009, an Application for Appointment of a Temporary Guardianship was filed by DADS. Michael was removed from Hart's care on March 27, 2009, and initially placed in John Peter Smith Hospital. Two weeks later, Michael was placed in Skyview Living Center. DADS's application for permanent guardian status was filed on March 19, 2009. Hart filed an answer and a competing request to be appointed guardian on April 13, 2009. On April 14, 2009, the trial court conducted a hearing on the competing applications for temporary guardian and appointed DADS as the temporary guardian of Michael. 
 The trial court conducted a hearing on the competing applications to be named permanent guardian of Michael on September 9, 2009. After hearing from eleven witnesses, the trial court named DADS the permanent guardian of Michael and found that "that no other eligible, qualified person is available." The order was signed on September 9, 2009. Hart filed a motion for new trial which the trial court overruled on November 20, 2009. This appeal followed. Hart contends that the refusal of the trial court to appoint her as the guardian was an abuse of discretion. We disagree and will affirm the judgment of the trial court.
 Standard of Review
 An appellate court must examine a probate court's appointment of a guardian, as well as the challenges to the admission or exclusion of evidence, for an abuse of discretion. In re Parker, No. 02-06-00217-CV, 2007 Tex. App. LEXIS 9428, *9 - 10 (Tex.App. -- Fort Worth Nov. 29, 2007) (citing Trimble v. Tex. Dep't of Prot. & Reg. Serv., 981 S.W.2d 211, 217 (Tex.App. -- Houston [14th Dist.] 1998, no pet.)).
To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 - 42 (Tex. 1985). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. Id.
An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. In re Barber, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).
 Analysis
The appointment and qualifications of a guardian of the person, other than a minor, are governed by section 675 through section 698 of the Texas Probate Code. See Tex. Prob. Code Ann. §§ 675 - 98 (West 2003 & Supp 2010). Hart contends that she was entitled to be appointed guardian pursuant to section 677(a)(2). See § 677(a)(2). Section 677(a)(2) provides:
(a) The court shall appoint a guardian for a person other than a minor according to the circumstances and considering the best interest of the ward. If the court finds that two or more eligible persons are equally entitled to be appointed guardian:
. . .
(2) the eligible person nearest of kin to the ward is entitled to the guardianship if the ward's spouse is not one of the eligible persons.

See § 677(a)(2). To support this proposition, Hart cites the Court to Adcock v. Sherling, 923 S.W.2d 74, 77 (Tex.App. -- San Antonio 1996, no writ). In Adcock, the ward's son, Adcock, and the son's niece were seeking to be appointed permanent guardian of the person and estate of Adcock's mother. Id. at 75. The trial court appointed the niece guardian finding that Adcock was ineligible to serve because he was asserting a claim against the proposed ward's estate. Id. at 76-77. The San Antonio Court of Appeals determined that, as a matter of law there was no evidence that Adcock was asserting a claim against the ward's estate and, as the nearest kin of the proposed ward, Adcock was entitled to appointment. Id. at 79. Therefore, the court in Adcock found that the nearest kin was not ineligible and was entitled to serve as guardian. See § 677(a)(2). The record in the case before us demonstrates the requirement that the nearest kin must be eligible to serve before we reach the question of the propriety of the nearest kin being appointed.
 From the record before the trial court, we learn that: 1) prior to Michael being taken from the home his weight had fallen under 95 pounds; 2) prior to his weight loss, Michael had weighed over 150 pounds; 3) Michael was suffering from severe mental retardation and autism and was totally dependent on Hart for all life choices; 4) APS had begun an investigation of Hart, but that investigation was closed when Hart signed an agreement to cooperate; 5) APS reopened the investigation and ultimately referred the matter to DADS when Hart failed to cooperate per the agreement; 6) at the time of the initial hospitalization at John Peter Smith Hospital, Michael's medical conditions were gastritis, malnutrition, and possible anorexia with significant bouts of vomiting and rumination; 7) prior to the last EPO, Michael was fixated on food; 8) since the placement of Michael at Skyview Living Center, Michael's weight has increased to approximately 150 pounds; 9) while Michael has been at Skyview Living Center, Hart has demonstrated a pattern of disregarding the facility's rules and regulations regarding giving food to Michael; and 10) for the months of April, May, and June 2009, while Michael was in the care of the temporary guardian, Hart received Michael's Social Security payments and failed to furnish those to the temporary guardian for Michael's care. 
Based upon this evidence, the trial court found that DADS should be appointed permanent guardian "and that no other eligible, qualified person is available." Implicit in this language from the court's order and, supported by the record, is the finding that Hart was disqualified from serving as guardian of Michael. The State cites the Court to two separate subsections under which Hart is disqualified. Section 681 provides, in these two subsections, that:
A person may not be appointed guardian if the person is:
. . . 
(5) a person indebted to the proposed ward unless the 
 person pays the debt before appointment;
. . . 
(8) a person, institution, or corporation found unsuitable by the court.
See § 681(5), (8).
 Initially, we note the evidence was presented that Hart retained the Social Security checks issued in Michael's name. At trial, Hart testified that these were in the bank, implying that they were in Michael's account. However, there was nothing more than the testimony of Hart, no bank records or other receipts were offered. Representatives of Skyview Living Center testified that Hart was aware of the outstanding sums due and made no effort to forward the Social Security checks as payment. In Trimble, cited by DADS, the husband had withheld payment of the wife's nursing home bills after having been appointed temporary guardian. Trimble, 981 S.W.2d at 214. The reviewing court upheld the trial court's determination that the husband was not qualified to serve as guardian under section 681 and upheld the trial court's consideration of the husband's failure to pay the wife's nursing home bills in determining whether the husband was disqualified from serving as guardian. Id. at 215 - 16. We find the trial court did not abuse its discretion by considering the failure of Hart to forward the Social Security checks for Michael's treatment at Skyview Living Center. 
 Additionally, DADS cites the Court to subsection (8) of section 681 for the proposition that Hart is "unsuitable" to serve as guardian. In its order, the trial court impliedly found that Hart was unsuitable when it found that there was "no other eligible, qualified person is available." By this choice of language and in light of Hart's failure to pay Michael's medical care and Michael's physical deterioration under Hart's care, the court did not abuse its discretion by appointing DADS to the exclusion of Hart. See In re Parker, 2007 Tex. App. LEXIS 9428, *9 - 10.
 From all of the evidence before the trial court, it is apparent that the trial court had more than sufficient evidence to refuse to appoint Hart, the nearest kin, because she was not eligible for appointment. See § 677(a)(2). Accordingly, the trial court did not abuse its discretion. See In re Parker, 2007 Tex. App. LEXIS 9428, *9 - 10. We therefore, overrule Hart's single issue.
 Conclusion
 Having overruled Hart's single issue, we affirm the judgment of the trial court.

 Mackey K. Hancock
 Justice