NO. 07-10-00292-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
7, 2011

 



 

DOMINIC TOMLINSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL DISTRICT COURT NO.
3 OF TARRANT COUNTY;

 

NO. 1169831D; HONORABLE ELIZABETH BERRY, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

            Appellant, Dominic Tomlinson, entered a plea of guilty to
the offense of aggravated robbery.[1]  After entry of appellant’s plea of guilty, the
trial court ordered the preparation of a pre-sentence investigation
report.  Subsequently, the trial court
conducted a hearing on punishment. 
Following the receipt of evidence on punishment, appellant was sentenced
to confinement for a period of 20 years in the Institutional Division of the
Texas Department of Criminal Justice. 
Appellant appeals the judgment of the trial court.  We will affirm the judgment of the trial
court.

Appellant=s attorney has filed an Anders
brief and a motion to withdraw.  Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal can
be predicated.  Id.
at 744-45.  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment. 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this
matter.  Stafford v.
State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The court has also advised appellant of his
right to file a pro se response. 
Appellant has not filed a response. 
By his Anders brief, counsel reviewed all grounds that could
possibly support an appeal, but concludes the appeal is frivolous.  We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any
arguable grounds which might support an appeal. 
See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe
v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

 

Accordingly, counsel=s motion to withdraw is hereby
granted, and the trial court=s judgment is affirmed.[2]

 

                                                                                                Mackey
K. Hancock

                                                      
Justice

Do not publish. 

 











[1]
See
Tex. Penal Code Ann. § 29.03(a) (West 2011).





[2] Counsel shall, within five days after this opinion is
handed down, send his client a copy of the opinion and judgment, along with
notification of appellant=s right to file a pro se petition for
discretionary review.  See Tex. R. App. P. 48.4.








nt-size:12.0pt;line-height:200%'>See § 677(a)(2).  To support this proposition, Hart cites the
Court to Adcock v. Sherling, 923 S.W.2d 74, 77
(Tex.App.—San Antonio 1996, no writ).  In Adcock, the ward’s son, Adcock, and
the son’s niece were seeking to be appointed permanent guardian of the person
and estate of Adcock’s mother.  Id. at 75.  The
trial court appointed the niece guardian finding that Adcock was ineligible to
serve because he was asserting a claim against the proposed ward’s estate.  Id. at 76-77.  The San Antonio Court of Appeals determined
that, as a matter of law there was no evidence that Adcock was asserting a
claim against the ward’s estate and, as the nearest kin of the proposed ward,
Adcock was entitled to appointment.  Id. at 79. 
Therefore, the court in Adcock found that the nearest kin was not
ineligible and was entitled to serve as guardian.  See § 677(a)(2).  The record in the case before us demonstrates
the requirement that the nearest kin must be eligible to serve before we reach
the question of the propriety of the nearest kin being appointed.

            From
the record before the trial court, we learn that: 1) prior to Michael being
taken from the home his weight had fallen under 95 pounds; 2) prior to his
weight loss, Michael had weighed over 150 pounds; 3) Michael was suffering from
severe mental retardation and autism and was totally dependent on Hart for all
life choices; 4) APS had begun an investigation of Hart, but that investigation
was closed when Hart signed an agreement to cooperate; 5) APS reopened the
investigation and ultimately referred the matter to DADS when Hart failed to
cooperate per the agreement; 6) at the time of the initial hospitalization at
John Peter Smith Hospital, Michael’s medical conditions were gastritis,
malnutrition, and possible anorexia with significant bouts of vomiting and
rumination; 7) prior to the last EPO, Michael was fixated on food; 8) since the
placement of Michael at Skyview Living Center,
Michael’s weight has increased to approximately 150 pounds; 9) while Michael
has been at Skyview Living Center, Hart has
demonstrated a pattern of disregarding the facility’s rules and regulations
regarding giving food to Michael; and 10) for the months of April, May, and
June 2009, while Michael was in the care of the temporary guardian, Hart
received Michael’s Social Security payments and failed to furnish those to the
temporary guardian for Michael’s care.  

Based upon this evidence, the trial
court found that DADS should be appointed permanent guardian “and that no other
eligible, qualified person is available.” 
Implicit in this language from the court’s order and, supported by the
record, is the finding that Hart was disqualified from serving as guardian of
Michael.[4]  The State cites the Court to two separate
subsections under which Hart is disqualified. 
Section 681 provides, in these two subsections, that:

A person may not be appointed guardian
if the person is:

. . . 

(5) a person
indebted to the proposed ward unless the 

    
person pays the debt before appointment;

. . . 

(8) a
person, institution, or corporation found unsuitable by the court.

See § 681(5), (8).

            Initially,
we note the evidence was presented that Hart retained the Social Security
checks issued in Michael’s name.  At
trial, Hart testified that these were in the bank, implying that they were in
Michael’s account.  However, there was
nothing more than the testimony of Hart, no bank records or other receipts were
offered.  Representatives of Skyview Living Center testified that Hart was aware of the
outstanding sums due and made no effort to forward the Social Security checks
as payment.  In Trimble, cited by
DADS, the husband had withheld payment of the wife’s nursing home bills after
having been appointed temporary guardian. 
Trimble, 981 S.W.2d at 214.  The reviewing court upheld the trial court’s
determination that the husband was not qualified to serve as guardian under
section 681 and upheld the trial court’s consideration of the husband’s failure
to pay the wife’s nursing home bills in determining whether the husband was
disqualified from serving as guardian.  Id. at 215–16. 
We find the trial court did not abuse its discretion by considering the
failure of Hart to forward the Social Security checks for Michael’s treatment
at Skyview Living Center.  

            Additionally,
DADS cites the Court to subsection (8) of section 681 for the proposition that
Hart is “unsuitable” to serve as guardian. 
In its order, the trial court impliedly found that Hart was unsuitable
when it found that there was “no other eligible, qualified person is
available.”  By this choice of language
and in light of Hart’s failure to pay Michael’s medical care and Michael’s
physical deterioration under Hart’s care, the court did not abuse its
discretion by appointing DADS to the exclusion of Hart.  See In re Parker, 2007 Tex.
App. LEXIS 9428, *9–10.

            From
all of the evidence before the trial court, it is apparent that the trial court
had more than sufficient evidence to refuse to appoint Hart, the nearest kin,
because she was not eligible for appointment. 
See § 677(a)(2).  Accordingly, the trial court did not abuse
its discretion.  See In re
Parker, 2007 Tex. App. LEXIS 9428, *9–10. 
We therefore, overrule Hart’s single issue.

Conclusion

            Having
overruled Hart’s single issue, we affirm the judgment of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 











[1]
Skyview is described in the record as an intermediate care
facility which cares for the mentally disabled.

 





[2]
Pursuant to the Texas Supreme Court’s docket
equalization efforts, this case was transferred to
this Court from the Fort Worth Court of Appeals.  See Tex.
Gov’t Code
Ann. § 73.001 (West 2005).  That being so, we must decide this case “in
accordance with the precedent of the transferor court under the principles of
stare decisis” if our decision otherwise would have
been inconsistent with the precedent of the transferor court.  Tex.
R. App. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672  (Tex.App.—El Paso 2009, pet. denied).

 





[3]
Further reference to the Texas Probate Code will
be by reference to “section ___” or “§ ___.”





[4] Where, as here, the record contains no findings of
fact and conclusions of law, we must imply all findings of fact necessary to
support the trial court’s judgment that are supported by the evidence.  BMC Software Belgium,
N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).