Lois Dean THEDFORD, Appellant,

v.

Jonelle M. WHITE, Appellee.

No. 12–00–00083–CV.

Court of Appeals of Texas, Tyler.

Dec. 28, 2000.

3. *See* WILLIAM V. DORSANEO, III, TEXAS LITIGATION GUIDE: CIVIL TRIAL PROCEDURES § 95.100 (2000).

Donald Ellis, Tyler, for Appellant.

Richard Patteson, Tyler, for Appellee.

Panel consisted of DAVIS, C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

The County Court of Smith County ("trial court") determined the need to appoint a guardian for Alma Louise Grove ("the ward"). After a contested hearing, the trial court appointed Appellant, Lois Dean Thedford ("Thedford"), as guardian of the person of the ward and Appellee, Jonelle M. White ("White"), as guardian of the estate of the ward. When Thedford failed to take and file an oath to faithfully discharge the duties of guardian or to post her guardianship bond, both of which are statutorily required, the trial court, on its own motion, appointed White guardian of the ward's person. Thedford alleges in five issues on appeal that the trial court erred in removing her and appointing

White in her place and then refusing to grant her a hearing to contest her removal as guardian. We affirm.

## BACKGROUND

In the fall of 1999, the eighty-six-year-old ward became mentally incapacitated by a cerebral vascular accident. She was further diagnosed with an organic brain syndrome and dementia. On October 11, 1999, White, a niece of the ward, filed an application to be appointed her permanent guardian. Within an hour, Thedford, White's sister, filed her own application to be appointed the ward's guardian. At the guardianship hearing, three sisters of White and Thedford testified it would be in the best interest of the ward that White be appointed as guardian. Further, the attorney ad litem for the ward testified that in her opinion it would be in the ward's best interest that White be appointed as guardian. In response, a brother and sister of the ward testified that it would be in the ward's best interest that Thedford be appointed as her guardian.

The trial court explained in ruling from the bench that the "squabbling" among the relatives made this decision "difficult." The trial court decided that Thedford should be guardian of the ward's person and White should be guardian of the ward's estate. The court then set White's guardianship bond at $125,000.00 and Thedford's at $2,000.00. The trial court further provided Thedford with written instructions which contained this directive: "As the duly appointed guardian of this person, you are hereby advised by the court that you must do the following: (1) file your bond and oath within twenty days ..." Thedford then signed a statement attesting that she understood this requirement. Further, the trial court made the following oral admonishments to both guardians at the conclusion of the guardianship trial:

Also we'll tell both people when the Court puts guardianships in place, we have our rules and requirements and

instructions. Any violation of those instructions can cause the Court to remove you as guardian or the capacity that you're serving. So I want you to be aware of that and know that a violation of any of the statutes or any of the Court's instructions, you can be removed just like you've been appointed.

A written order entered December 22, 1999, appointed White and Thedford in their respective guardianship capacities upon the filing of their required bonds and oaths. White filed her bond and oath on December 22, 1999. By January 13, 2000, Thedford had failed to either file her guardianship bond or take her oath. On that day, the court, upon its own motion and without notice to Thedford or White, entered an order removing Thedford as guardian of the ward's person and appointing White in that capacity. The court denied Thedford's application to reinstate her as the ward's personal guardian and later allowed her motion for new trial to be denied by operation of law. Thedford perfected this appeal.

## STANDARD OF REVIEW

A trial court has broad discretion in the selection of a guardian. *Trimble v. Protective and Regulatory Serv.*, 981 S.W.2d 211, 215 (Tex.App.—Houston [14th Dist.] 1998, no writ). An appellate court will not reverse an order appointing a guardian absent a showing that the trial court abused its discretion. *Id.* A trial court abuses its discretion when it acts without any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In other words, the test is whether the court's action was arbitrary or unreasonable. *Id.* at 242; *Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 532 (Tex. App.—Tyler 1992, writ denied). In determining whether there has been an abuse of discretion, we are required to view the evidence in the light most favorable to the action of the trial court, and indulge every

legal presumption in favor of the judgment. *Parks v. U.S. Home Corp.*, 652 S.W.2d 479, 485 (Tex.App.—Houston [1st Dist.] 1983, pet. dism'd). An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Texas Dep't of Health v. Buckner*, 950 S.W.2d 216, 218 (Tex.App.—Fort Worth 1997, no writ).

### REQUIREMENTS TO QUALIFY

■ In her first and third issues, Thedford contends it was an abuse of discretion for the trial court to remove her without making a determination that her removal for failure to file her oath and guardianship bond was in the best interest of the ward. Specifically, Thedford contends that the trial court should have inquired into why she had not posted her bond or taken her oath of office to determine if there were any extenuating circumstances before removing her.

A guardian is deemed to have qualified when he has taken and filed the required oath, has made the required bond, has filed it with the clerk, and has the bond approved by the judge. TEX.PROB.CODE ANN. §§ 699, 700, 702(a) (Vernon Supp. 2001). "The court, on its own motion or on the motion of any interested person, including the ward, and without notice, may remove any guardian appointed under this chapter who: (1) neglects to qualify in the manner and time required by law; ..." TEX.PROB.CODE ANN. § 761(a)(1) (Vernon Supp.2001). "If a guardian of a ward fails to give the bond required by the court within the time required under this chapter, another person may be appointed guardian of the ward." TEX.PROB.CODE ANN. § 721 (Vernon Supp.2001).

The record shows that Thedford was warned by the trial court, both orally and in writing, of the consequences of the failure to follow the court's instructions to timely file an oath and post a bond. Thedford signed the written instructions indicating that she understood that she could be removed for failing to follow those instructions. Thedford does not dispute the fact that she failed to fulfill either of these two requirements by January 13, 2000, when the trial court removed her as guardian. Accordingly, Thedford did not meet the statutory requirements to qualify to act as the ward's guardian. *See* TEX.PROB. CODE ANN. § 699. The trial court has full discretion over whether to remove a guardian for failure to qualify. *Texas Dept. of Mental Health and Mental Retardation v. Ellison*, 914 S.W.2d 679, 683 (Tex.App.—Austin 1996, no writ). There was evidence before the court, introduced at the hearing the previous month showing that it was in the best interest of the ward that White be appointed both guardian of her person and estate. We therefore hold that the trial court did not abuse its discretion by removing Thedford as personal guardian of the ward and appointing White in her place. Thedford's issues one and three are overruled.

### AMOUNT OF BOND

■ In her second issue, Thedford contends that the trial court abused its discretion in allowing White to serve as the successor personal guardian without requiring her to post the same $2,000.00 bond that Thedford was required to post. Thedford states that, under section 695(b) of the Texas Probate Code, a successor guardian is subject to the same duties as the guardian she succeeds. She further argues that, under section 764 of the Texas Probate Code, a successor guardianship is a continuation of the first guardianship. She contends that these two statutes require White to put up a $2,000.00 bond to be the personal guardian of the ward. White responds that no new bond is required when the current bond of a guardian is sufficient. *See* TEX.PROB.CODE ANN. § 711(4) (Vernon Supp.2001) (A guardian may be required to give a new bond when the amount of the bond is insufficient.).

The court, in its January 13, 2000 order removing Thedford and appointing White

as the personal guardian, specifically made a determination that White's previously posted $125,000.00 bond was sufficient to cover her additional duties as personal guardian of the ward. We agree. The purpose of requiring the guardian to post bond is to ensure the guardian's diligent performance of her duty of prudent management and to protect the ward from loss due to the guardian's waste or mismanagement, if any. *Rodriguez v. Gonzalez,* 830 S.W.2d 799, 801 (Tex.App.—Corpus Christi 1992, no writ). It would not seem to make much sense to require White to increase· her bond to $127,000.00 from $125,000.00. Such a difference is *de minimis.* The trial court did not abuse its discretion in determining that the $125,000.00 bond which White had already posted was sufficient to ensure White's diligent performance of her duties. Thedford's issue two is overruled.

### HEARING ON APPLICATION FOR REINSTATEMENT

In her issue four, Thedford alleges that the trial court abused its discretion in failing to grant her a hearing on her application to be reinstated as the ward's guardian. Thedford contends that this failure to hold a hearing violated a procedural due process protection guaranteed by both the federal and state constitutions. *See Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

■ Thedford based her application for reinstatement as guardian after removal on section 762(a) of the Probate Code which states:

### § 762. Reinstatement After Removal

(a) Not later than the 10th day after the date the court signs the order of removal, a personal representative who is removed under Subsection (a)(6) or (7), Section 761, of this code may file an application with the court for a hearing to determine whether the personal representative should be reinstated.

Tex.Prob.Code Ann. § 762(a) (Vernon Supp.2001).

Section 761(a)(6) and (7) state:

### § 761. Removal

(a) The court, on its own motion or on motion of any interested person, including the ward, and without notice, may remove any guardian, appointed under this chapter, who:

. . .

(6) has misapplied, embezzled, or removed from the state, or is about to misapply, embezzle, or remove from the state, all or any part of the property committed to the guardian's care; or

(7) has cruelly treated a ward, or has neglected to educate or maintain the ward as liberally as the means of the ward and the condition of the ward's estate permit.

Tex.Prob.Code Ann. § 761(a)(6), (7) (Vernon Supp.2001).

As shown above, the basis of the court's removal of Thedford as guardian was section 761(a)(1) of the Probate Code which authorized the court to remove her for neglecting to qualify for guardianship in the manner and time required by law, i.e., posting a $2,000.00 bond and taking her oath of guardianship. *See* Tex.Prob.Code Ann. § 761(a)(1). Accordingly, section 762, which by its terms applies to guardians removed under subsection (a)(6) or (7) of section 761, does not apply in this case.

■ We begin with the presumption that Probate Code section 761 passes procedural due process muster. *See Shelby Operating Co. v. City of Waskom,* 964 S.W.2d 75, 82 (Tex.App.—Texarkana 1997, writ denied). Further, Thedford does not challenge the constitutionality of section 761. In the area of procedural due process, the protections afforded under the Texas Constitution are congruent with those provided by the Federal Constitution. *See Price v. City of Junction,* 711 F.2d 582, 590 (5th Cir.1983); *cf. University of Texas Med. Sch. v. Than,* 901 S.W.2d 926, 930–31 (Tex.1995), *cert. denied,* 528

U.S. 1160, 120 S.Ct. 1171, 145 L.Ed.2d 1080 (2000). Generally, procedural due process requires notice and an opportunity to be heard. *Brown v. University of Texas Health Ctr.*, 957 S.W.2d 911, 915 (Tex. App.—Tyler 1997, no writ). Procedural due process involves basic notions of justice and fair play. *Gene Hamon Ford v. David McDavid Nissan, Inc.*, 997 S.W.2d 298, 312 (Tex.App.—Austin 1999, writ denied). The sufficiency of procedures must be judged in light of the parties, the subject matter and the circumstances involved. *Id.* (*quoting Brewer v. Austin Indep. Sch. Dist.*, 779 F.2d 260, 263 (5th Cir.1985)).

The applicable probate code section specifically provides that when an appointed guardian has neglected to qualify as required by law, the court may remove that guardian without notice. *See* TEX.PROB. CODE ANN. § 761(a)(1). In the case before us, the trial court went out of its way to inform Thedford that she must comply with the requirements of filing the $2,000.00 bond and her oath of guardianship within twenty days of its order. Thedford signed a statement that she understood the written instructions regarding the bond and the oath which the court had given her. Further, the court admonished Thedford immediately after setting the bond that she had to follow the court's instructions or she would be removed as guardian. The written instruction and oral admonishment were given to Thedford on December 17, 1999. By January 13, 2000, she had totally failed to follow the court's requirements of posting her bond and taking the oath of guardianship within twenty days of appointment. Conversely, White quickly fulfilled her initial responsibilities as required by statute. White posted her significantly higher bond and taken her oath of guardianship on December 22, 1999. In light of Thedford's lack of response to the court's instructions and failure to adhere to the statutes applicable in this guardianship matter, we are unable to find error. We conclude that the trial court's failure to hold a hearing that the statute affirmatively declared unnecessary did not violate her procedural due process rights. We hold it was not an abuse of discretion for the trial court to follow the procedures set out under section 761 of the Texas Probate Code in light of the circumstances before it in this matter. Thedford's issue four is overruled.

### MOTION FOR NEW TRIAL

In her fifth issue, Thedford contends that the trial court abused its discretion in failing to act upon her motion for new trial and allowing it to be denied by operation of law. Thedford asserts that the trial court should have granted her motion for new trial based on the equitable grounds set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (1939).

In the instant case, Thedford asked for a new trial based on her personal inaction after the trial court entered its judgment. A motion for new trial consists of a reexamination of the issues leading to judgment in the preceding trial. Thus, the trial court is in a position to correct errors which may have led to a wrong result. *See Sandoval v. Rattikin*, 395 S.W.2d 889, 891 (Tex.Civ.App.—Corpus Christi 1965, writ refused n.r.e.), *cert. denied*, 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132 (1966). *Craddock*, which involved a default judgment, is inapposite to the matter before us. There, the focus was the party's failure to appear for trial. It was inaction leading to the granting of a default judgment which required that the motion for new trial be granted. *See Craddock*, 133 S.W.2d at 126. Here, it is Thedford's post-judgment inaction, her failure to fulfill her statutory responsibility, which Thedford is asking the trial court to reconsider. A trial court's decision to grant or deny a motion for new trial will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). Thedford has

failed to show it was an abuse of discretion for the trial court to deny the motion for new trial by operation of law because of her inaction post-trial. Thedford's fifth issue is overruled.

The judgment of the trial court is **affirmed**.