Opinion filed April 27, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 27, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00237-CV

 

                                                    __________

 

                                          IN RE R.G.W., A MINOR

 



 

                                               On
Appeal from the County Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. G-12,223

 



 

                                            M
E M O R A N D U M    O P I N I O N

The trial court denied Gwendolyn Russell=s application to be appointed guardian
of R.G.W.=s estate
and appointed Phoenix Tolbert (P.T.) Webb (R.G.W.=s
father) guardian of both R.G.W. and  her
estate.  Gwendolyn appeals.  We affirm.

The record reflects that P.T. was married to Rita
Lorraine Russell Webb, Gwendolyn=s
daughter.  R.G.W. was the couple=s only child and was born in 1989.  P.T. and Rita were divorced in 1996.  Rita passed away in 2003.  At the time of the guardianship hearing,
R.G.W. was fourteen years old.

Both P.T. and Gwendolyn filed applications to be
appointed guardian not only of R.G.W. but also of her estate.  At the hearing, Gwendolyn waived her request
to be appointed guardian of R.G.W. and proceeded only on her request to be appointed
guardian of R.G.W.=s
estate.   Gwendolyn requested that her
other daughter Holly Garza be appointed guardian of R.G.W.=s person.








At the hearing, the trial court determined that,
because Gwendolyn had filed the first petition, it would proceed on her
petition first.  Gwendolyn called two
witnesses:  P.T. and herself.  P.T. testified that he continued to live with
Rita after the divorce.  P.T. stated that
the couple divorced only because Gwendolyn threatened Ato
cut [Rita] off@ and to Athrow [Rita] out of her will.@ 
P.T. testified that he had been involved with the Aeveryday care@
of his daughter continuously since her birth. 
P.T. further testified that Gwendolyn had been verbally abusive to
R.G.W. and that R.G.W. did not want to live with Gwendolyn.

Gwendolyn testified that she had not been verbally
abusive to R.G.W. and that P.T. and Rita had never lived together after their
divorce.  Gwendolyn stated that P.T. had
never paid child support and that she had provided for Rita, R.G.W., and Rita=s older child from a previous
marriage.  Gwendolyn also testified that
during their nine-year marriage  the
couple had lived in nine different homes and that she had Apaid cash for each and every home that
they lived in.@  Gwendolyn introduced child support records
concerning R.G.W.  These records reflected
the total arrearage as of the week before the May 2004 hearing to be $26,250.

Gwendolyn then rested, and P.T. moved for a
directed verdict on the grounds that she had not shown that there was a
disqualification to prevent his appointment as guardian as R.G.W.=s natural father.  The trial court agreed, denied Gwendolyn=s application, and appointed P.T.
guardian. 








In three issues, Gwendolyn challenges the trial court=s granting of P.T.=s application.  Central to Gwendolyn=s
arguments are her contentions that P.T.=s
failure to pay child support disqualified 
him under Tex. Prob. Code Ann. ' 681(4), (6), (7) (Vernon 2003).[1]  Gwendolyn argues that his failure to pay
child support disqualified P.T. because he is, in effect, a party to a lawsuit
against his daughter R.G.W.; because he is a person asserting a claim against
R.G.W.; and because he has proven himself to be a person incapable of Aproperly and prudently managing@ either R.G.W. or her estate.  Section 681(7).  We disagree.

Tex. Prob.
Code Ann. ' 676 (
Vernon 2003) provides that, if one parent is deceased, the surviving natural
parent of the minor child is entitled to guardianship of both the minor and the
minor=s
estate.  Tex. Prob. Code Ann. '
681 (Vernon 2003) lists persons who are disqualified from serving as a
guardian.  The trial court has broad
discretion in the appointment of a guardian. 
Thedford v. White, 37 S.W.3d 494, 496 (Tex. App.CTyler 2000, no pet=n); Trimble v. Tex. Dep=t of Protective & Regulatory Servs.,
981 S.W.2d 211, 214 (Tex. App.CHouston
[14th Dist.] 1998, no pet=n).  The trial court=s
appointment of a guardian will not be reversed on appeal unless a review of the
entire record shows an abuse of discretion. 
Thedford, 37 S.W.3d at 496; Trimble, 981 S.W.2d at 214; Ramirez
v. Garcia de Bretado, 547 S.W.2d 717, 718 (Tex. Civ. App.CEl Paso 1977, no writ).

The record does not support Gwendolyn=s contention that P.T. is disqualified
from serving as a guardian. Nothing in the record supports Gwendolyn=s allegations that P.T. is a party to a
lawsuit concerning or affecting the welfare of R.G.W., that P.T. has or is
asserting a claim adverse to R.G.W., or that P.T. is incapable of properly and
prudently managing both R.G.W. and her estate. 
The record does support the trial court=s
finding that Gwendolyn did not meet the threshold requirements for showing that
P.T. was disqualified.

Gwendolyn has not established that the trial court
abused its discretion.  The issues are
overruled.

The order of the trial court is affirmed.

 

JIM R.
WRIGHT         

CHIEF JUSTICE

 

April 27, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]This section provides that:

 

A person may not be appointed guardian if the person
is:

 

. . . .

 

(4) a person who is a party or whose parent is a party
to a lawsuit concerning or affecting the welfare of the proposed ward, unless
the court:

 

(A) determines that the lawsuit claim of the person who
has applied to be appointed guardian is not in conflict with the lawsuit claim
of the proposed ward;  or

 

(B) appoints a guardian ad litem to represent the
interests of the proposed ward throughout the litigation of the ward=s lawsuit claim;

 

. . . .

 

(6) a person asserting a claim adverse to the proposed
ward or the proposed ward=s property, real or personal;

 

(7) a person who, because of inexperience, lack of education, or other
good reason, is incapable of properly and prudently managing and controlling
the ward or the ward=s estate.