# NO. 12-13-00222-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE GUARDIANSHIP OF* | § | *APPEAL FROM THE* |
| *BRANDON SCOTT JACKSON,* | § | *COUNTY COURT AT LAW* |
| *AN INCAPACITATED PERSON* | § | *RUSK COUNTY, TEXAS* |

## MEMORANDUM OPINION

Brandon Scott Jackson appeals from the trial court's order appointing Debra Poole guardian of his person and his estate. In his sole issue, Jackson contends that the evidence is legally and factually insufficient to support the trial court's finding that a guardianship was necessary and in his best interest. We affirm.

## BACKGROUND

Jackson's aunt, Debra Poole, filed an emergency application in the County Court of Rusk County to have herself appointed guardian of Jackson's person and estate. Poole asserted that Jackson, who was thirty years old at the time, was mentally incapable of handling his affairs or providing for his physical health. The trial court appointed her temporary emergency guardian pending a complete psychiatric evaluation. A few weeks later, the court appointed Poole permanent guardian. Jackson's motion for new trial was granted. On its own motion, the court transferred the cause to the County Court at Law of Rusk County.

A hearing was held in the county court at law. The trial court found Jackson to be incapacitated, granted Poole's application, and appointed her guardian of Jackson's person and estate. The order set out Poole's authority and the limitations placed on Jackson. This appeal followed.

In his sole issue, Jackson contends the evidence is legally and factually insufficient to support the trial court's finding that he is incapacitated, a guardianship is necessary, and that a guardianship is in his best interest. He complains that there is no evidence of specific time frames for specific acts or occurrences regarding his incapacity. Therefore, he argues, the statutory requirement that incapacity be evidenced by recurring acts or occurrences within the preceding six month period was not satisfied.

**Standard of Review**

A trial court has broad discretion in the selection of a guardian. *Thedford v. White*, 37 S.W.3d 494, 496 (Tex. App.–Tyler 2000, no pet.). An appellate court will not reverse an order appointing a guardian absent a showing that the trial court abused its discretion. *Id*. A trial court abuses its discretion when it acts without any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). An abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Under an abuse of discretion standard of review, legal and factual sufficiency claims are merely factors to consider in assessing whether the trial court abused its discretion. *Trimble v. Tex. Dep't of Protective & Regulatory Serv.*, 981 S.W.2d 211, 215 (Tex. App.–Houston [14th Dist.] 1998, no pet.).

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so, and we disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*. This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id*.

In addressing a factual sufficiency of the evidence challenge, we must consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *In re C.H.*, 89 S.W.3d 17, 27-29 (Tex. 2002). This court must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id*. at 25. We must determine whether the evidence is such that a fact finder could reasonably form a firm belief or

conviction about the truth of the allegations. *Id*. We must consider whether disputed evidence is such that a reasonable trier of fact could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *See In re C.H.*, 89 S.W.3d at 27.

## Applicable Law

The legislature has determined that the court shall appoint a guardian for a person other than a minor according to the circumstances and considering the best interests of the ward. TEX. EST. CODE ANN. § 1104.101(West 2014).[1] Before appointing a guardian, the court must find by clear and convincing evidence that (1) the ward is an incapacitated person, (2) it is in the best interest of the ward to have the court appoint a guardian, and (3) the rights of the ward or the ward's property will be protected by the appointment of a guardian. TEX. EST. CODE ANN. § 1101.101(a)(1) (West 2014). An "incapacitated person" is defined, in relevant part, as "an adult individual who, because of a physical or mental condition, is substantially unable to provide food, clothing, or shelter for himself or herself, to care for the individual's own physical health, or to manage the individual's own financial affairs." TEX. EST. CODE ANN. § 1002.017 (West 2014). The court must find by a preponderance of the evidence that the ward is totally without capacity as provided by the code, or "lacks the capacity to do some, but not all, of the tasks necessary to care for himself or herself or to manage the individual's property." TEX. EST. CODE ANN. § 1101.101(a)(2)(D) (West 2014). A determination of incapacity of an adult proposed ward must be evidenced by recurring acts or occurrences within the preceding six month period and not by isolated instances of negligence or bad judgment. TEX. EST. CODE ANN. § 1101.102 (West 2014).

## Analysis

Jackson was interviewed by Wilson Renfroe, a psychologist, on December 18, 2012. Renfroe's report was admitted into evidence through the testimony of Christie Adams, the guardian ad litem. In his report, Renfroe stated that Jackson was agitated, impulsive, easily angered, and emotionally labile. Renfroe noted that Jackson struggles with a depressed mood. Renfroe administered numerous tests to Jackson. His scores indicate that he is intellectually deficient and functionally illiterate. His severe bipolar disorder is "quite evident," and he has

---

[1] The Texas Probate Code was recodified as the Texas Estates Code after this case was tried. For ease of reference, we will cite to the new Estates Code because the text of the applicable statutes was not substantively changed.

problems functioning effectively in his relationships with others. Jackson also has mild mental retardation. His current Global Assessment of Functioning score is 45. Renfroe concluded that Jackson does not have the ability to care for himself and recommended that Jackson remain "under someone else's legal jurisdiction," obtain psychiatric care, and live in a residential treatment facility.

Adams, the guardian ad litem, testified, explaining that she spoke to Jackson, his family members, and medical providers. She observed that Jackson was paranoid and agitated. Jackson is very hard to understand, is mildly retarded, and has bipolar disorder. Jackson told her he did not like to take his medication and that he believes marijuana helped with his bipolar issues. He admitted to smoking marijuana. Jackson told her that he visits emergency rooms on a regular basis to obtain pain medication although he has no medical condition requiring pain medication. He told her that he knew what to say to get doctors to give him medications. Although not certain of the time frame, Adams understood Jackson to mean that he had done that fairly recently. Adams confirmed that Jackson had been placed in a home with a community based services program in Longview. Jackson was not allowed to stay in the program because he would not comply with the requirements. Adams testified that she believes Jackson is in need of a guardian for both his person and his estate. In 2006, Jackson was placed on deferred adjudication community supervision for possession with intent to manufacture a controlled substance. In 2005, he was placed on deferred adjudication community supervision for burglary of a habitation. The trial court took judicial notice of Adams's report, and it was filed with the court records.

Minnie Womack testified that she has known Jackson for three or four years. She stated that Jackson can bathe himself, dress himself, feed himself, drive, and can take care of his financial responsibilities. She explained that he functions on about the same level as her son who has Down syndrome.

The evidence shows that Jackson has previously been expelled from a group home for failure to follow the rules. While there is no testimony as to when he was expelled from that home, other evidence referenced his current condition. He has current, ongoing, severe mental, emotional, and intellectual problems causing him to be unable to care for himself. Testimony shows that he currently is paranoid and agitated. The record shows that Jackson regularly refuses to take medication prescribed for his serious medical condition yet self-medicates with

4

illegal substances. He also obtains pain medication, when he is not in pain, by illicit means. Jackson told Adams exactly what he says to emergency room doctors to get the drugs he wants. We conclude that Jackson's incapacity is evidenced by recurring occurrences within the preceding six months.

Viewing all the evidence in the light most favorable to the trial court's finding of incapacity, we conclude that a reasonable trier of fact could have formed a firm belief or conviction that Jackson is an incapacitated person. *See* TEX. EST. CODE ANN. § 1002.017. The evidence is legally sufficient to support the trial court's finding of incapacity. *See In re J.F.C.*, 96 S.W.3d at 266; *In re Parker*, 275 S.W.3d 623, 631 (Tex. App.–Amarillo 2008, no pet.).

In considering Jackson's factual sufficiency challenge, we consider evidence contrary to the court's findings, in addition to evidence supporting the court's findings. Womack testified that Jackson can take care of his personal hygiene. This fact, if true, does not override the evidence of incapacitation. *See In re J.F.C.*, 96 S.W.3d at 266. Moreover, the statute anticipates that an incapacitated individual might be able to do some tasks necessary to take care of himself. TEX. EST. CODE ANN. § 1101.101(a)(2)(D). Womack further testified that, as far as she had seen, Jackson can take care of his financial responsibilities. She elaborated that, when he is with her, he pays his own way. The trial court could have determined that Womack had not been privy to information giving her a full picture of Jackson's ability to handle finances. Thus, the trial court could have disregarded Womack's testimony. *See In re C.H.*, 89 S.W.3d at 27. The trial court could reasonably form a firm belief about the truth of the allegations in the application for appointment of a guardian. We conclude that the evidence is factually sufficient to support the trial court's order. *See In re C.H.*, 89 S.W.3d at 25; *In re Parker*, 275 S.W.3d at 631. Accordingly, the trial court did not abuse its discretion in granting Poole's application for guardianship of the person and estate of Jackson. We overrule Jackson's sole issue.

## DISPOSITION

We *affirm* the trial court's order.

JAMES T. WORTHEN
Justice

Opinion delivered August 6, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 6, 2014**

**NO. 12-13-00222-CV**

**IN THE GUARDIANSHIP OF BRANDON SCOTT JACKSON,**
**AN INCAPACITATED PERSON**

Appeal from the County Court at Law

of Rusk County, Texas (Tr.Ct.No. G12-010)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order appointing guardian of the person and estate of Brandon Scott Jackson **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **BRANDON SCOTT JACKSON**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*