# Court of Appeals
## Tenth Appellate District of Texas

10-23-00202-CV

In the Guardianship of Wyatt Daniel Endicott

On appeal from the
County Court at Law of Walker County, Texas
Judge Tracy M. Sorensen, presiding
Trial Court Cause No. 10459G

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Jessica Trisler appeals the trial court's order appointing Robert Endicott permanent guardian of the person and estate of Wyatt Daniel Endicott. We affirm.

Background

Wyatt was born on December 27, 2004, to Jessica and Robert. Robert has been the custodial parent of Wyatt since 2009, and the 12th District Court of Walker County had continuing exclusive jurisdiction over Wyatt. On May 24, 2023, after Wyatt had turned 18 years old, Robert filed an application to be appointed as the permanent guardian of Wyatt's person and estate pursuant

to Section 1103.002 of the Texas Estates Code. Both Jessica and Wyatt were served with notice of the guardianship proceeding on May 25, 2023. On that same day, the trial court signed an order appointing Robert as the permanent guardian of the person and estate of Wyatt. On June 2, 2023, Jessica filed a contest to the guardianship application and plea in intervention, and on June 16, 2023, Jessica filed a plea to the jurisdiction and a motion to vacate the order appointing Robert as Wyatt's guardian. After a hearing, the trial court denied the plea to the jurisdiction and motion to vacate the order appointing Robert as guardian. There is nothing in the record to show that the trial court ruled on the contest to the guardianship application.

Jessica appeals from the trial court's order appointing Robert as guardian of the person and estate of Wyatt. She argues in five issues that (1) the trial court's order naming Robert as permanent guardian is void because the trial court did not have personal jurisdiction over Wyatt, (2) the trial court's order naming Robert as permanent guardian is void because the trial court did not have subject-matter jurisdiction, (3) Robert's counsel was not authorized to file the application, (4) the application did not comply with the governing statute, and (5) the trial court erred in approving a bond and oath that were never executed.

Issues One and Two

In her first and second issues, Jessica argues that the trial court's order

is void because the trial court lacked personal and subject-matter jurisdiction.

> To issue a valid and binding judgment or order, a court must have both subject-matter jurisdiction over a case and personal jurisdiction over the party it purports to bind. *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 7–8 (Tex. 2021). Subject-matter jurisdiction refers to a court's statutory or constitutional power to adjudicate a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The subject-matter jurisdiction of Texas courts derives solely from the Texas Constitution and state statutes. *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 459–60 (Tex. 2011). Because subject-matter jurisdiction cannot be conferred on a court by consent or waiver, a judgment is never considered final if the court that issued it lacked subject-matter jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). Partly out of a desire to "reduce the vulnerability of final judgments to attack," *id.* (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 11 cmt. e (AM. L. INST. 1982)), we are reluctant to conclude that a statutory requirement affects a court's subject-matter jurisdiction absent clear legislative intent to that effect. *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009).
>
> . . .
>
> Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court, and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985). Establishing personal jurisdiction over a party requires "citation issued and served in a manner provided for by law." *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). However, unlike challenges to subject-matter jurisdiction, objections to personal jurisdiction generally can be waived, and a party may consent to the personal jurisdiction of a court. *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014).

*In re Guardianship of Fairley*, 650 S.W.3d 372, 379-80 (Tex. 2022).

Jessica first argues that the trial court did not have personal jurisdiction over Wyatt because he was not properly served. Section 1051.103 of the Texas Estates Code requires service of citation on "a proposed ward who is 12 years of age or older." TEX. EST. CODE ANN. § 1051.103(a). Section 1051.051 provides that if the person to be cited or notified does not have an attorney of record in the proceeding, "the sheriff or constable shall serve the citation or notice." TEX. EST. CODE ANN. §1051.051(b)(1). The record indicates that Wyatt was served by a private process server. Jessica contends that because Wyatt was not served in accordance with Section 1051.051(b), the trial court did not have personal jurisdiction over him, citing *Guardianship of Fairley* as authority. 650 S.W.3d at 383.

In *Guardianship of Fairley*, the Court held that "a technical defect in personal service on the ward does not deprive the probate court of subject-matter jurisdiction or personal jurisdiction over the ward where the ward is personally served and participates in the proceedings through counsel without objection." 650 S.W.3d at 375. While Jessica acknowledges that the Court held that the defect in service did not deprive the trial court of jurisdiction, she maintains that the core holding is that the service was defective but that the defect was waived because the ward participated in the proceedings. She

contends that because Wyatt did not participate in any proceedings, he did not waive the defective service, and the trial court did not acquire personal jurisdiction over him.

The Court in *Guardianship of Fairley* specifically noted that there was no dispute that the ward was personally served with the application for guardianship. *Id.* at 387-88. The Court distinguished cases in which courts held a guardianship order void, noting that in those cases the proposed ward was never personally served. *Id.* at 388-89. As in *Guardianship of Fairley*, there is no dispute that Wyatt was personally served. Because Wyatt was personally served, and because Jessica does not allege any defects in service that rise to the level of a due process violation, we conclude that the trial court's order was not void for lack of personal jurisdiction. *Id.* at 388. We overrule Jessica's first issue.

Jessica next argues that the trial court did not have subject-matter jurisdiction at the time it signed the order. Section 1051.106 provides that:

> The court may not act on an application for the creation of a guardianship until the applicant has complied with Section 1051.104(b) and not earlier than the Monday following the expiration of the 10-day period beginning on the date service of notice and citation has been made as provided by sections 1051.102, 1051.103, and 1051.104(a)(1).

TEX. EST. CODE ANN. § 1051.106. Jessica argues that the trial court had no subject-matter jurisdiction to sign the order on May 25, 2023, less than the 10-day period required by section 1051.106.

A guardianship proceeding begins with "the filing of the application for the appointment of a guardian of the estate or person, or both." TEX. EST. CODE ANN. § 1022.002(d); *Guardianship of Fairley*, 650 S.W.3d at 381. The trial court obtained subject-matter jurisdiction over the guardianship when Robert filed his application for guardianship. *See Guardianship of Fairley*, 650 S.W.3d at 390. A failure to wait for the expiration of the ten-day period did not deprive the court of jurisdiction to establish a guardianship. *Hailey v. Paduh*, No. 04-12-00823-CV, 2014 WL 1871334, at *10 (Tex. App.—San Antonio May 7, 2014, no pet) (mem. op); *In re Guardianship of V.A.*, 390 S.W.3d 414, 421 (Tex. App.—San Antonio 2012, pet. denied). We conclude that the trial court's order was not void for lack of subject-matter jurisdiction. *Hailey*, 2014 WL 1871334 at *10. We overrule Jessica's second issue.

<div align="center">Issue Four</div>

In her fourth issue, Jessica argues that the trial court erred in signing an order naming Robert as permanent guardian because his application failed to comply with the governing statute. Robert filed his application for

permanent guardianship under Section 1103.002 of the Texas Estates Code.

That section provides:

(a) Notwithstanding any other law, if the applicant who files an application under Section 1101.001 or 1103.001 is a person who was appointed conservator of a disabled child and the proceeding is a guardianship proceeding described by Section 1002.015(1) in which the proposed ward is the incapacitated adult with respect to whom another court obtained continuing, exclusive jurisdiction in a suit affecting the parent-child relationship when the person was a child, the applicant may present to the court a written letter or certificate that meets the requirements of Sections 1101.103(a) and (b).

(b) If, on receipt of the letter or certificate described by Subsection (a), the court is able to make the findings required by Section 1101.101, the court, notwithstanding Subchapter C, Chapter 1104, shall:

> (1) appoint the conservator as guardian without conducting a hearing; and
>
> (2) to the extent possible preserve the terms of possession and access to the ward that applied before the court obtained jurisdiction of the guardianship proceeding.

TEX. EST. CODE ANN. § 1103.002.  Section 1101.103 states that:

(a) Except as provided by Section 1101.104, the court may not grant an application to create a guardianship for an incapacitated person, other than a minor or person for whom it is necessary to have a guardian appointed only to receive funds from a governmental source, unless the applicant presents to the court a written letter or certificate from:

> (1) a physician licensed in this state, if the proposed ward's alleged incapacity results from a physical condition or mental condition; or

(2) a psychologist licensed in this state or certified by the Health and Human Services Commission to perform the examination, in accordance with rules adopted by the executive commissioner of the commission governing examinations of that kind, if the proposed ward's alleged incapacity results from a mental condition.

(a-1) The physician or psychologist who provides the letter or certificate under Subsection (a) must:

(1) have experience examining individuals with the physical or mental condition resulting in the proposed ward's alleged incapacity; or

(2) have an established patient-provider relationship with the proposed ward.

(a-2) The letter or certificate required by Subsection (a) must be:

(1) dated not earlier than the 120th day before the date the application is filed; and

(2) based on an examination the physician or psychologist performed not earlier than the 120th day before the date the application is filed.

Tex. Est. Code Ann. § 1101.103. Section 1101.104 provides that:

(a) If an intellectual disability is the basis of the proposed ward's alleged incapacity, the court may not grant an application to create a guardianship for the proposed ward unless the applicant presents to the court a written letter or certificate that:

(1) complies with Sections 1101.103(a) and (b); or

(2) shows that not earlier than 24 months before the hearing date:

(A) the proposed ward has been examined by a physician or psychologist licensed in this state or certified by the Health and Human Services Commission to perform the examination, in accordance with rules of the executive commissioner of the commission governing examinations of that kind, and the physician's or psychologist's written findings and recommendations include a determination of an intellectual disability; or

(B) a physician or psychologist licensed in this state or certified by the Health and Human Services Commission to perform examinations described by Paragraph (A) updated or endorsed in writing a prior determination of an intellectual disability for the proposed ward made by a physician or psychologist licensed in this state or certified by the commission.

TEX. EST. CODE ANN. § 1101.104.

In his application, Robert stated that Wyatt is an adult who is totally incapacitated because of a mental condition. Robert attached a disability report in effort to comply with Sections 1101.103 and 1101.104. That report consisted of Wyatt's school records and evaluations. The records indicated that Wyatt had a psychological evaluation on November 28, 2015. The reports attached as proof of Wyatt's disability do not comply with the requirements of Sections 1101.103 and 1101.104.

The defects in Robert's application are not fatal. *See In re Guardianship of Johnson*, No 10-19-00351-CV, 2020 WL 5949958 at *5 (Tex. App.—Waco Oct. 7, 2020, no pet.). Section 1055.002 of the Texas Estates Code states,

A court may not invalidate a pleading in a guardianship proceeding, or an order based on the pleading, on the basis of a

> defect of form or substance in the pleading unless a timely objection has been made against the defect and the defect has been called to the attention of the court in which the proceeding was or is pending.

TEX. EST. CODE ANN. § 1055.002.

Jessica filed a contest to Robert's guardianship application and noted that the application did not comply with Section 1101.103. Jessica then filed a plea to the jurisdiction and motion to vacate. In that filing, she noted that even if the trial court had jurisdiction, the application did not comply with Section 1101.103. The trial court held a hearing on Jessica's plea to the jurisdiction and motion to vacate, but Jessica did not present her contest to the guardianship application to the trial court at that time. The trial court did not rule on Jessica's contest to the guardianship application or address her complaints about the defects in the application.

Section 1101.103 does not require the written letter or certificate to be filed at the time the application is filed. *See Johnson*, 2020 WL 5949958 at \*5. Therefore, the defect in Robert's application could have been cured by a timely evaluation. Because Jessica did not obtain a ruling on her contest to the guardianship application or request an evaluation in compliance with the statute, she has waived her complaint for review. TEX. R. APP. P. 33.1(a); *see Johnson*, 2020 WL 5949958 at \*5.

Moreover, we review a guardianship determination under an abuse-of-discretion standard. *In re Guardianship of Finley*, 220 S.W.3d 608, 612 (Tex. App.—Texarkana 2007, no pet.); *Thedford v. White*, 37 S.W.3d 494, 496 (Tex. App.—Tyler 2000, no pet.). We view the evidence in the light most favorable to the trial court's decision. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 536 (Tex. App.—San Antonio 2004, pet. denied); *Thedford*, 37 S.W.3d at 496-97.

While Jessica challenges the disability report because it does not comply with the applicable statutes, she does not contest the report's findings on Wyatt's disability. Robert presented evidence that Wyatt is incapacitated because of a mental condition. Because the trial court had reports documenting Wyatt's disability, it did not abuse its discretion in appointing Robert as guardian. We overrule Jessica's fourth issue.

## Issue Three

In the third issue, Jessica complains that Robert's counsel was not authorized to file the application for guardianship. Section 1054.201 states that "an attorney representing any person's interests in a guardianship proceeding, including an attorney ad litem, must be certified by the State Bar of Texas, or a person or other entity designated by the state bar, as having successfully completed a course of study in guardianship law and procedure

sponsored by the state bar or the state bar's designee." TEX. EST. CODE ANN. § 1054.201. While Robert's counsel was not certified at the time he filed the application, he has subsequently completed the requirements for certification. We cannot conclude that that trial court abused its discretion by denying Jessica's motion to vacate its order naming Robert guardian of the person and estate of Wyatt. We overrule the third issue.

<div align="center">Issue Five</div>

In her fifth issue, Jessica argues that the trial court erred in approving a bond and oath that were never executed. A guardian is considered to have qualified when the guardian has:

> (1) taken and filed the oath, or made and filed the declaration, required under Section 1105.051;
>
> (2) given the required bond;
>
> (3) obtained the judge's approval of the bond; and
>
> (4) filed the bond with the clerk.

TEX. EST. CODE ANN. § 1105.002. An oath may be taken and a bond may be given and approved at any time before the 21st day after the date of the order granting the guardianship. TEX. EST. CODE ANN. § 1105.003. The record indicates that Robert obtained a bond from Western Surety Company effective May 31, 2023. The trial court approved the bond on July 25, 2023. Jessica

now complains that Robert did not take the required oath or sign the bond. The record before us does not reflect that the bond was signed by Robert or that Robert executed a written oath. Furthermore, the record before us does not reflect that Jessica raised either complaint in the trial court. To preserve a complaint or objection for appeal, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1. We overrule Jessica's fifth issue.

<div align="center">Conclusion</div>

We affirm the trial court's order naming Robert Endicott guardian of the person and estate of Wyatt Endicott. Jessica's motion for temporary orders is dismissed as moot.

<div style="margin-left:50%">

_____

MATT JOHNSON
Chief Justice

</div>

OPINION DELIVERED and FILED: May 15, 2025

Before Chief Justice Johnson,
  Justice Smith, and
  Justice Harris
Affirmed
CV06

