NO. 07-10-00021-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
13, 2011

 



 

IN THE MATTER OF THE GUARDIANSHIP OF

MICHAEL ALABRABA A/K/A MICHAEL HART,

AN INCAPACITATED PERSON



 



 

 FROM THE PROBATE COURT NO. 2 OF
TARRANT COUNTY;

 

NO. 09-112-2; HONORABLE PATRICK FERCHILL, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

OPINION

            Doris
Hart, the mother of the ward, Michael Alabraba,
appeals the order of the trial court appointing the Texas Department of Aging
and Disability Services (DADS) permanent guardian of Alabraba
instead of Hart.  Hart contends the trial
court abused its discretion by failing to appoint Hart as the permanent guardian.  We will affirm.

Factual and Procedural Background

            Michael
is a 20-year-old male who suffers from mental retardation, autism,
malnutrition, possible anorexia, and other gastro-intestinal issues.  The State of Texas originally became involved
in Michael’s case through a referral to the Texas Department of Family and
Protective Services, Adult Protective Services program (APS).  This investigation was ongoing from December
2008 until January 14, 2009, when an Emergency Order for Protective Services
(EPO) to remove Michael from Hart’s home was signed.  On January 30, 2009, Hart signed an agreement
with APS that allowed Michael to stay in the home in return for Hart’s
cooperation with APS in the investigation and coordination with APS in
Michael’s medical care.  

According to APS, Hart did not
cooperate in the investigation and refused to communicate with them about
Michael’s medical condition. 
Subsequently, on March 13, 2009, an Application for Appointment of a
Temporary Guardianship was filed by DADS. 
Michael was removed from Hart’s care on March 27, 2009, and initially
placed in John Peter Smith Hospital.  Two
weeks later, Michael was placed in Skyview Living
Center.[1]  DADS’s application for permanent guardian
status was filed on March 19, 2009.  Hart
filed an answer and a competing request to be appointed guardian on April 13,
2009.  On April 14, 2009, the trial court
conducted a hearing on the competing applications for temporary guardian and
appointed DADS as the temporary guardian of Michael.  

            The
trial court conducted a hearing on the competing applications to be named
permanent guardian of Michael on September 9, 2009.  After hearing from eleven witnesses, the
trial court named DADS the permanent guardian of Michael and found that “that
no other eligible, qualified person is available.” The order was signed on
September 9, 2009.  Hart filed a motion
for new trial which the trial court overruled on November 20, 2009.  This appeal followed.  Hart contends that the refusal of the trial
court to appoint her as the guardian was an abuse of discretion.  We disagree and will affirm the judgment of
the trial court.

Standard of Review

            An
appellate court must examine a probate court’s appointment of a guardian, as
well as the challenges to the admission or exclusion of evidence, for an abuse
of discretion.  In re Parker, No.
02-06-00217-CV, 2007 Tex. App. LEXIS 9428, *9–10 (Tex.App.—Fort
Worth Nov. 29, 2007) (citing Trimble v. Tex. Dep’t of Prot. & Reg. Serv.,
981 S.W.2d 211, 217 (Tex.App.—Houston [14th Dist.]
1998, no pet.)).[2]

To determine whether a trial court
abused its discretion, we must decide whether the trial court acted without
reference to any guiding rules or principles; in other words, we must decide
whether the act was arbitrary or unreasonable. 
Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241–42 (Tex. 1985). 
Merely because a trial court may decide a matter within its discretion
in a different manner than an appellate court would in a similar circumstance
does not demonstrate that an abuse of discretion has occurred.  Id.

An abuse of discretion does not occur
where the trial court bases its decisions on conflicting evidence.  In re Barber,
982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).  Furthermore, an abuse of discretion does not
occur as long as some evidence of substantive and probative character exists to
support the trial court’s decision.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

Analysis

The appointment and qualifications of
a guardian of the person, other than a minor, are governed by section 675
through section 698 of the Texas Probate Code. 
See Tex. Prob. Code Ann. §§ 675–98 (West
2003 & Supp 2010).[3]  Hart contends that she was entitled to be
appointed guardian pursuant to section 677(a)(2).  See § 677(a)(2).  Section 677(a)(2)
provides:

(a) The court shall appoint a
guardian for a person other than a minor according to the circumstances and
considering the best interest of the ward. 
If the court finds that two or more eligible persons are equally entitled
to be appointed guardian:

. . .

(2) the
eligible person nearest of kin to the ward is entitled to the guardianship if
the ward’s spouse is not one of the eligible persons.

 

See § 677(a)(2).  To support this proposition, Hart cites the
Court to Adcock v. Sherling, 923 S.W.2d 74, 77
(Tex.App.—San Antonio 1996, no writ).  In Adcock, the ward’s son, Adcock, and
the son’s niece were seeking to be appointed permanent guardian of the person
and estate of Adcock’s mother.  Id. at 75.  The
trial court appointed the niece guardian finding that Adcock was ineligible to
serve because he was asserting a claim against the proposed ward’s estate.  Id. at 76-77.  The San Antonio Court of Appeals determined
that, as a matter of law there was no evidence that Adcock was asserting a
claim against the ward’s estate and, as the nearest kin of the proposed ward,
Adcock was entitled to appointment.  Id. at 79. 
Therefore, the court in Adcock found that the nearest kin was not
ineligible and was entitled to serve as guardian.  See § 677(a)(2).  The record in the case before us demonstrates
the requirement that the nearest kin must be eligible to serve before we reach
the question of the propriety of the nearest kin being appointed.

            From
the record before the trial court, we learn that: 1) prior to Michael being
taken from the home his weight had fallen under 95 pounds; 2) prior to his
weight loss, Michael had weighed over 150 pounds; 3) Michael was suffering from
severe mental retardation and autism and was totally dependent on Hart for all
life choices; 4) APS had begun an investigation of Hart, but that investigation
was closed when Hart signed an agreement to cooperate; 5) APS reopened the
investigation and ultimately referred the matter to DADS when Hart failed to
cooperate per the agreement; 6) at the time of the initial hospitalization at
John Peter Smith Hospital, Michael’s medical conditions were gastritis,
malnutrition, and possible anorexia with significant bouts of vomiting and
rumination; 7) prior to the last EPO, Michael was fixated on food; 8) since the
placement of Michael at Skyview Living Center,
Michael’s weight has increased to approximately 150 pounds; 9) while Michael
has been at Skyview Living Center, Hart has
demonstrated a pattern of disregarding the facility’s rules and regulations
regarding giving food to Michael; and 10) for the months of April, May, and
June 2009, while Michael was in the care of the temporary guardian, Hart
received Michael’s Social Security payments and failed to furnish those to the
temporary guardian for Michael’s care.  

Based upon this evidence, the trial
court found that DADS should be appointed permanent guardian “and that no other
eligible, qualified person is available.” 
Implicit in this language from the court’s order and, supported by the
record, is the finding that Hart was disqualified from serving as guardian of
Michael.[4]  The State cites the Court to two separate
subsections under which Hart is disqualified. 
Section 681 provides, in these two subsections, that:

A person may not be appointed guardian
if the person is:

. . . 

(5) a person
indebted to the proposed ward unless the 

    
person pays the debt before appointment;

. . . 

(8) a
person, institution, or corporation found unsuitable by the court.

See § 681(5), (8).

            Initially,
we note the evidence was presented that Hart retained the Social Security
checks issued in Michael’s name.  At
trial, Hart testified that these were in the bank, implying that they were in
Michael’s account.  However, there was
nothing more than the testimony of Hart, no bank records or other receipts were
offered.  Representatives of Skyview Living Center testified that Hart was aware of the
outstanding sums due and made no effort to forward the Social Security checks
as payment.  In Trimble, cited by
DADS, the husband had withheld payment of the wife’s nursing home bills after
having been appointed temporary guardian. 
Trimble, 981 S.W.2d at 214.  The reviewing court upheld the trial court’s
determination that the husband was not qualified to serve as guardian under
section 681 and upheld the trial court’s consideration of the husband’s failure
to pay the wife’s nursing home bills in determining whether the husband was
disqualified from serving as guardian.  Id. at 215–16. 
We find the trial court did not abuse its discretion by considering the
failure of Hart to forward the Social Security checks for Michael’s treatment
at Skyview Living Center.  

            Additionally,
DADS cites the Court to subsection (8) of section 681 for the proposition that
Hart is “unsuitable” to serve as guardian. 
In its order, the trial court impliedly found that Hart was unsuitable
when it found that there was “no other eligible, qualified person is
available.”  By this choice of language
and in light of Hart’s failure to pay Michael’s medical care and Michael’s
physical deterioration under Hart’s care, the court did not abuse its
discretion by appointing DADS to the exclusion of Hart.  See In re Parker, 2007 Tex.
App. LEXIS 9428, *9–10.

            From
all of the evidence before the trial court, it is apparent that the trial court
had more than sufficient evidence to refuse to appoint Hart, the nearest kin,
because she was not eligible for appointment. 
See § 677(a)(2).  Accordingly, the trial court did not abuse
its discretion.  See In re
Parker, 2007 Tex. App. LEXIS 9428, *9–10. 
We therefore, overrule Hart’s single issue.

Conclusion

            Having
overruled Hart’s single issue, we affirm the judgment of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 











[1]
Skyview is described in the record as an intermediate care
facility which cares for the mentally disabled.

 





[2]
Pursuant to the Texas Supreme Court’s docket
equalization efforts, this case was transferred to
this Court from the Fort Worth Court of Appeals.  See Tex.
Gov’t Code
Ann. § 73.001 (West 2005).  That being so, we must decide this case “in
accordance with the precedent of the transferor court under the principles of
stare decisis” if our decision otherwise would have
been inconsistent with the precedent of the transferor court.  Tex.
R. App. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672  (Tex.App.—El Paso 2009, pet. denied).

 





[3]
Further reference to the Texas Probate Code will
be by reference to “section ___” or “§ ___.”





[4] Where, as here, the record contains no findings of
fact and conclusions of law, we must imply all findings of fact necessary to
support the trial court’s judgment that are supported by the evidence.  BMC Software Belgium,
N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).