



# MEMORANDUM OPINION

No. 04-11-00746-CV

**IN THE INTEREST OF A.R.**, A.R., M.R., K.R. Jr., and A.R., Children

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-PA-01249
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  March 7, 2012

AFFIRMED

This is an appeal from the trial court's order terminating appellant's parental rights to her five children.  We affirm.

## DISCUSSION

On appeal, appellant challenges the legal and factual sufficiency of the trial court's findings that she constructively abandoned her children, she failed to comply with the provisions of a court order, and termination is in the children's best interest.  She also asserts the trial court erred when it based its termination order "on items and allegations not brought into evidence at the trial on the merits."  More specifically, appellant complains "very little" evidence concerning the statutory grounds for termination was developed at trial because the only witness to testify

was uncertain about what the previous caseworker had or had not done while assigned to appellant's case, and the best interests of the children was never discussed at trial.

Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A. V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re S.F.*, 32 S.W.3d 318, 320 (Tex. App.—San Antonio 2000, no pet.). One of the predicate grounds upon which appellant's parental rights were terminated was that she failed to comply with the provisions of a court order ("Family Service Plan") that specifically established the actions necessary for her to obtain the return of her children who had "been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services ["DFPS"] for not less than nine months as a result of the child[ren]'s removal from the parent under Chapter 262 for the abuse or neglect of the child[ren]." *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2008). Although evidence of acts or omissions under section 161.001(1) does not relieve DFPS from proving the best interest of the children, the same evidence may be probative of both issues. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

The only witness to testify was the case worker, LaTonya Coffey. She said the original Family Service Plan was created in July 2010. As of the September 2011 termination hearing, Coffey had been the case worker only since June 2011. When she was assigned to the case, she met with the prior case worker and obtained all of her files. Coffey did not have a signed copy of the Family Service Plan with her, but the trial court took judicial notice of the signed plan on file with the court. The Family Service Plan required, among other things, that appellant participate in a drug assessment; participate in an in-home parenting education course; participate in and complete the tasks on her service plan and meet its goals; attend her weekly

parent/child visits regularly and on time; obtain and maintain stable housing with running water, electricity, and food; adhere to random drug screens; and seek, obtain, and maintain gainful employment. Coffey testified appellant has not completed her plan because she has missed and not rescheduled visits with her children; either not done drug testing or had positive results "[p]retty much the majority of the case"; she had not demonstrated she had sought or obtained stable housing; she had not obtained appropriate employment; she had not completed either a drug treatment program or the parenting classes; and she had not completed many of the other requirements of the plan.

On this record, we conclude a reasonable factfinder could have formed a firm belief or conviction that appellant failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her children. *See In re C.H.*, 89 S.W.3d at 28.

The Texas Supreme Court has provided various factors that may be pertinent when deciding "best interest." *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). But the court has never held that these considerations are exhaustive, or that all such considerations must be proved as a condition precedent to parental termination. *In re C.H.*, 89 S.W.3d at 27. The *Holley* factors merely indicate a number of considerations that either have been or would appear to be pertinent. *Id.* Among the *Holley* factors relevant here are: (1) appellant's parental abilities; (2) the programs available to assist her to promote the best interest of the children; (3) the stability of the home; (4) the acts or omissions of appellant that may indicate the existing parent-child relationship is not a proper one; and (5) any excuse for appellant's acts or omissions. *See Holley*, 544 S.W.2d at 372.

The record here contains evidence of appellant's parenting deficiencies. In addition to the above-recited evidence, the trial court stated, after closing arguments, that the case was not being tried "on its substance in a 30 minute hearing on a Monday morning." Instead, the court noted the case had been pending for fifteen months, during which time the children remained in foster care and in which time at least seven hearings had been held.[1] Under the Family Service Plan, appellant was expected to avail herself of a variety of programs, including an in-home parenting course, family violence prevention counseling, counseling with a therapist, and empowerment classes. The record indicated to the court that the plan had been signed by appellant, appellant had not appeared at many of the hearings, and appellant was "no stranger" to the system. Records of prior hearings also indicated to the court that appellant had demonstrated an inability to provide the children with a safe environment. The court noted that although appellant's counsel argued the possibility that DFPS did not make referrals for appellant to some of the required programs, six prior hearings were held at which such problems could have been addressed, but were not. Appellant was present at the hearing, but chose not to testify on her own behalf.

The proper inquiry is whether, on the entire record, a factfinder could reasonably form a firm conviction or belief that termination of appellant's rights would be in the children's best interest. *In re C.H.*, 89 S.W.3d at 28. On this record, we conclude a reasonable factfinder could form such a conviction.

---

[1] On appeal, appellant complains the trial court "specifically cites items never even alluded to at the trial on the merits." Appellant provides no further argument or authority to support her complaint that the trial court erred by considering its own file about which it was apparently very familiar. Also, a trial court may take judicial notice of its own records in matters that are generally known, easily proven, and not reasonably disputed. *See Trimble v. Tex. Dep't. of Protective & Regulatory Servs* ., 981 S.W.2d 211, 215 (Tex. App.—Houston [14th Dist.] 1998, no pet .).

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice